# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-753V

|  |  |
|---|---|
| MEGAN HYDUTSKY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 9, 2024 |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On July 11, 2022, Megan Hydutsky filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on November 25, 2019. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 22, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 39. On April 9, 2024, Respondent filed a Proffer

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

on award of compensation ("Proffer") indicating Petitioner should be awarded $57,500.00 in pain and suffering. Proffer at 2, ECF No. 41. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $57,500.00 for pain and suffering, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/**Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MEGAN HYDUTSKY,<br><br>                      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | No. 22-753V<br>Chief Special Master Brian H. Corcoran<br>ECF |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 11, 2022, Megan Hydutsky ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine she received on or about November 25, 2019. Petition at 1. On March 21, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's Findings of Fact ruling that the petitioner received the subject influenza vaccine in her left arm, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. ECF No. 37. On March 22, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] ECF No. 39.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. 300aa-12(e), to seek review of the Chief Special Master's March 22, 2024, entitlement decision.

**I.     Items of Compensation**

Respondent proffers that petitioner should be awarded $57,500.00 in pain and suffering. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $57,500.00, in the form of a check payable to petitioner.

**III.   Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Megan Hydutsky:                **$57,500.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

                                    s/ MADELYN E. WEEKS
                                    MADELYN E. WEEKS
                                    Trial Attorney
                                    Torts Branch, Civil Division
                                    U.S. Department of Justice
                                    P.O. Box 146
                                    Benjamin Franklin Station
                                    Washington, D.C.  20044-0146
                                    Tel: (202) 305-3262
                                    madelyn.e.weeks@usdoj.gov

Dated: April 9, 2024